Aleksander Powietrzynski, Esq.
Winston & Winston, P.C.
708 Third Avenue, 5th Floor, Suite 142
New York, NY 10017
Tel: 212-922-9483
Fax: 212-922-9484
alex@winstonandwinston.com
*Attorneys for Plaintiff Marie F. Conde, M.D.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MARIE F. CONDE, M.D.,                                    Case No.: 18-4757

                  Plaintiff,                           **COMPLAINT**

       -against-

FRANK R. SEDDIO, ESQ., JOYCE BECKER SEDDIO,

                  Defendants.
-------------------------------------------------------------------------x

      Plaintiff MARIE F. CONDE, M.D. by its attorneys, WINSTON & WINSTON, P.C. complaining of the Defendant alleges as follows:

**PARTIES**

**1)**    Plaintiff MARIE F. CONDE, M.D. ("CONDE" or "Plaintiff") is a natural person residing at 126 Laredo Drive, Morgansville, New Jersey 07751.

**2)**    Upon information and belief, at all times hereinafter mentioned, FRANK R. SEDDIO, ESQ. (hereinafter "FRANK") is an attorney engaged in the practice of law in Kings County, New York. Upon information and belief, FRANK maintains an office for his law practice located at 9306 Flatlands Ave, Brooklyn, NY 11236.

**3)**    Upon information and belief, at all times hereinafter mention, JOYCE BECKER SEDDIO ("hereinafter "JOYCE") is a natural person residing in Brooklyn, NY.

1

**4)**     Upon information and belief, FRANK and JOYCE are husband and wife.

## JURISDICTION

**5)**     Jurisdiction in this Court is proper based on 28 U.S.C. § 1332. The parties have complete diversity. Plaintiff is a resident of the state of New Jersey and both Defendants are residents of the state of New York.

**6)**     The amount in controversy exceeds $75,000.00 exclusive of interest and costs. This action seeks to set aside a conveyance of real property located at 9306 Flatlands Avenue, Brooklyn, NY 11236 ("Property") as fraudulent against Defendant FRANK's creditors because it was conveyed for inadequate consideration rendering Defendant FRANK insolvent.

**7)**     Upon information and belief Defendant FRANK conveyed the Property which has a fair market value in excess of $850,000.00 to Defendant JOYCE for $150,000.00 after Defendant FRANK incurred and defaulted on the repayment of a Purchase Money Note dated August 24, 2012 in the amount of $1,500,000.00 between Defendant FRANK and Plaintiff.

**8)**     Upon information and belief, the conveyance was made with the actual intent to defraud Defendant FRANK's creditors.

**9)**     Venue is based on the location of the real property which is the subject of this action located at 9306 Flatlands Ave, Brooklyn, NY 11236.

**10)**    Upon information and belief, the conveyance was made in 2016 and this action is commenced within the statute of limitations for a fraudulent conveyance action.

## FACTS RELATING TO ONGOING LITIGATION IN NEW JERSEY STATE COURT

**11)**    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 10 with the same force and effect as if fully set forth herein.

**12)** On or about June 13, 2016, Plaintiff, through counsel, Indik & McNamara, P.C., filed a Summons and Complaint in the Superior Court of the State of New Jersey, Law Division, in Monmouth County against Defendant FRANK alleging that Defendant FRANK:

(1) defaulted on a Purchase Money Note dated August 24, 2012;

(2) failed to perfect a security interest on certain real property to secure the debt as provided in the Purchase Money Note dated August 24, 2012;

(3) failed to provide the restaurants and real estate as provided in the Purchase Money Note dated August 24, 2012;

(4) committed legal malpractice by, among other things, holding himself out as Plaintiff's attorney and failing to advise Plaintiff that Defendant's interests were adverse to Plaintiff;

(5) damaged Plaintiff pursuant to N.J.S.A.2A:13-4 by neglecting or mismanaging the case; and

(6) defrauded Plaintiff.

**13)** The New Jersey action was assigned Docket No.: MON-L-2059-16.

**14)** The New Jersey action sought to recover the principal balance of $1,500,000.00 plus interest, late fees, and reasonable attorney's fees due and payable under the Purchase Money Note.

**15)** Defendant FRANK has answered the New Jersey Complaint.

**16)** The New Jersey action is presently ongoing.

**17)** Plaintiff believes she has a meritorious claim against Defendant FRANK.

**18)** The basis for the New Jersey Action is summarized as follows:

a) On or around August 24, 2012, Defendant FRANK along with two co-borrowers who are currently in bankruptcy, Dexter Bartholomew and Djenane Bartholomew, executed a Purchase Money Note ("Note") by which the borrowers borrowed $1,500,000.00 from Plaintiff and agreed to repay the principal sum together with interest at a rate of 5% per annum calculated on a 360-day basis, payable beginning October 1, 2012 and continuing on the first day of every month thereafter for the next sixty (60) months in equal installments.

b) In the Note, Defendant FRANK agreed to pay plaintiff default interest at the rate of 2% per annum from the date of the default plus a late charge of $500.00.

c) The Note further provides that Plaintiff is entitled to reasonable attorney's fees in the event that Defendant FRANK defaults on the Note.

d) Defendant FRANK has defaulted on the payments due pursuant to the terms of the Note. Plaintiff has made demand upon Plaintiff to cure the default, but Plaintiff's demand has been refused or ignored.

19) On or about August 31, 2016, Defendant FRANK filed an answer in the New Jersey Action.

20) Although defendant, FRANK, denies signing the agreement, a hand-writing expert report performed on Plaintiff's behalf found that Defendant FRANK signed the Note. This report was based on a review and comparison of multiple examples of Defendant FRANK's signatures.

## FACTS RELATING TO THE TRANSFER OF THE PROPERTY

21) This action is to set aside a fraudulent conveyance which is supported by multiple badges of fraud, as well as inadequate consideration. The transfer occurred within four (4) months of

Plaintiff's filing the New Jersey action and within six (6) weeks of Defendant FRANK filling his answer.

22) Upon information and belief, August 24, 2012 and August 31, 2016 (the date Defendant FRANK answered the New Jersey Action) Defendant FRANK was the sole owner of real property located at 9306 Flatlands Avenue, Brooklyn, NY 11236 ("Property").

23) On or about October 10, 2016, Defendant FRANK transferred the Property to his wife, Defendant JOYCE, for the stated sum of $150,000.00 (the "Transfer"), but did not receive any consideration in return.

24) The Property is a mixed-use property which includes a residence and a commercial storefront or law office. Upon information and belief, the Property is in excess of 3,400 square feet and is larger than most surrounding properties.

25) Upon information and belief, the Transfer was made for inadequate consideration compared to the fair market value of the Property.

26) Upon information and belief, Defendant JOYCE did not actually transfer $150,000.00 to Defendant FRANK and therefore no consideration was provided for the Transfer.

27) Upon information and belief, Defendant FRANK retains control over the Property and maintains a law office at the Property without paying any monthly rent, despite the Transfer.

28) Upon information and belief, Defendant FRANK obtains a tax deduction for the use of part of the Property as a law office.

29) Upon information and belief, the assessed value of the Property for property tax purposes is $749,000.00.

30) Upon information and belief, the assessed tax value of the Property undervalues the true market value of the Property at the time of the Transfer of the Property because:

- The Property is a mixed use residential and commercial property;

- The Property is larger than most surrounding properties;

- The Property has special significance because it was owned by a public figure;

- The Property has a special reputation due to an annual Holiday light display, which is a community tradition that was started by the prior owner over 50 years ago;

- Upon information and belief, the Property generates rental income from other commercial law firm tenant(s).

31) Upon information and belief, the value of the Property exceeds $850,000.00.

32) Upon information and belief, the Transfer of the Property was for less than 25% of the assessed property tax value and was a fraudulent transfer for the purpose of avoiding Defendant FRANK's creditors – specifically, the Plaintiff in the New Jersey Action.

## BADGES OF FRAUD

33) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein.

34) "[T]he pleader is allowed to rely on 'badges of fraud' to support its case, such as: a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance." *Capital One Equip. Fin. Corp. v. Corrigan*, 2017 N.Y. Misc. LEXIS 5025 (Sup. Ct. New York Cty. 2017) *citing Wall Street Assocs. V. Brodsky*, 257 A.D.2d 526 (1st Dept. 1999).

35) Upon information and belief, the transfer of the property by the Defendant FRANK was to his wife, Defendant JOYCE.

6

**36)** Upon information and belief, the Transfer was not in the usual course of business.

**37)** Upon information and belief, the stated consideration for the Transfer was less than 25% of the assessed value for property for tax purposes which is less than the fair market value of the Property due to the special circumstances described in paragraph 30 above.

**38)** Upon information and belief, if any consideration was actually exchanged, the consideration was wholly inadequate.

**39)** Upon information and belief, Defendant FRANK retains control and use of the Property after the transfer.

**40)** Upon information and belief, Defendant FRANK knew of the plaintiff's claim and his inability to pay the claim because the Transfer occurred after Defendant FRANK was served with the New Jersey Action. The Property was transferred six weeks after FRANK had filed an answer in the New Jersey Action.

**41)** Upon information and belief, prior to the Transfer of the Property, Defendant FRANK was solvent, and able to pay his debts as they became due.

**42)** Upon information and belief, the Transfer of the Property has rendered Defendant FRANK insolvent and unable to pay his debts as they become due.

**43)** Upon information and belief, prior to the Transfer of the Property, Defendant FRANK had sufficient capital to wholly satisfy the debt owed to Plaintiff.

**44)** Upon information and belief, the Transfer of the Property has left Defendant FRANK with insufficient capital that he would be unable, if required, to pay his debt to Plaintiff.

**45)** Upon information and belief, the Transfer of the Property was intended to hinder, delay, or defraud the Plaintiff as Defendant's creditor.

## AS AND FOR A FIRST CAUSE OF ACTION – TO SET ASIDE FRAUDULENT TRANSFERS UNDER NEW YORK DEBTOR CREDITOR LAW 272

**46)** Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 45 with the same force and effect as if fully set forth herein.

**47)** Upon information and belief, the Transfer of Property by Defendant FRANK to Defendant JOYCE constituted fraudulent conveyances by Defendant FRANK to conceal/transfer the asset without fair consideration, in bad faith, with the intent to hinder, delay and defraud the Plaintiff from collecting on the Note.

**48)** Upon information and belief Defendant FRANK's assets substantially and radically declined as a result of the transfer.

**49)** By reason thereof, Plaintiff respectfully requests an Order, pursuant to New York Debtor Creditor Law § 272 setting aside the transfer of the Property.

## AS AND FOR A SECOND CAUSE OF ACTION – CONVEYANCE UNDER NEW YORK DEBTOR CREDITOR LAW 273

**50)** Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 59 with the same force and effect as if fully set forth herein.

**51)** Upon information and belief, the Transfer of the Property rendered Defendant FRANK insolvent.

**52)** Upon information and belief, the Transfer of the Property was incurred without Defendant FRANK receiving fair consideration.

**53)** By reason thereof, Plaintiff respectfully requests an Order, pursuant to New York's Debtor Creditor Law § 273 setting aside the transfer of the Property.

### AS AND FOR A THIRD CAUSE OF ACTION – CONVEYANCES BY DEFENDANTS UNDER NEW YORK DEBTOR CREDITOR LAW SECTION 273-A

**54)** Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 53 with the same force and effect as if fully set forth herein.

**55)** At the time of the Transfer of the Property, Defendant FRANK was a defendant in the underlying New Jersey Action.

**56)** Defendant FRANK has failed to satisfy his obligation to the Plaintiff under the Note.

**57)** By reason thereof, Plaintiff respectfully requests an Order, pursuant to New York's Debtor Creditor Law § 273-A, setting aside the transfer of the Property.

### AS AND FOR A THIRD CAUSE OF ACTION – CONVEYANCES BY PERSON IN BUSINESS UNDER NEW YORK DEBTOR CREDITOR LAW SECTION 274

**58)** Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 57 with the same force and effect as if fully set forth herein.

**59)** Upon information and belief, the Transfer of the Property made by Defendant FRANK was fraudulent as to the Plaintiff as it rendered FRANK insolvent or with insufficient capital to satisfy his debts.

**60)** By reason thereof, Plaintiff respectfully requests an Order, New York's Debtor Creditor Law § 274, setting aside the Transfer of the Property.

### AS AND FOR A FOURTH CAUSE OF ACTION – CONVEYANCE MADE WITH INTENT TO DEFRAUD UNDER NEW YORK DEBTOR AND CREDITOR LAW SECTION 275

**61)** Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 60 with the same force and effect as if fully set forth herein.

**62)**     Upon information and belief, the Transfer of the Property was fraudulent and with actual intent to hinder, delay or defraud creditors which is demonstrated in paragraphs 21 through 32 above.

**63)**     Upon information and belief, the Transfer of the Property was made at a time when the Defendant FRANK knew or should have known that he would incur debts beyond his ability to pay as evidenced by his answer in the underlying New Jersey action.

**64)**     By reason thereof, Plaintiff respectfully requests an Order, New York's Debtor Creditor Law § 275, setting aside the Transfer of the Property.

### AS AND FOR A FIFTH CAUSE OF ACTION – CONVEYANCE MADE WITH INTENT TO DEFRAUD UNDER NEW YORK DEBTOR AND CREDITOR LAW SECTION 276

**65)**     Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 64 with the same force and effect as if fully set forth herein.

**66)**     Upon information and belief, the transfer of the property was fraudulent and with actual intent to hinder, delay or defraud creditors as evidenced by paragraphs 21 through 32 above.

**67)**     Upon information and belief, the Transfer of the Property was fraudulent as to the Plaintiff.

**68)**     By reason thereof, Plaintiff respectfully requests an Order, New York's Debtor Creditor Law § 276, setting aside the Transfer of the Property.

### AS AND FOR A SIXTH CAUSE OF ACTION – RIGHTS OF CREDITORS WHOSE CLAIMS HAVE NOT MATURED UNDER NEW YORK DEBTOR AND CREDITOR LAW SECTION 279(c)

**69)**     Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 68 with the same force and effect as if fully set forth herein.

**70)**     Upon information and belief, the Transfer of the Property was fraudulent as evidenced by paragraphs 21 through 32 above.

**71)** Upon information and belief, the Transfer of the Property was fraudulent as to the Plaintiff.

**72)** By reason thereof, Plaintiff respectfully requests an Order, New York's Debtor Creditor Law § 279(c), setting aside the Transfer of the Property.

## AS AND FOR A SEVENTH CAUSE OF ACTION – FRAUDULENT CONVEYANCES UNDER NEW YORK DEBTOR AND CREDITOR LAW SECTION 280

**73)** Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 72 with the same force and effect as if fully set forth herein.

**74)** Upon information and belief, the Transfer of the Property was intended to hinder the claims of the Plaintiff in the New Jersey action.

**75)** Upon information and belief, equity and good conscious requires that the Transfer be set aside.

**76)** By reason thereof, Plaintiff respectfully request an Order, New York's Debtor Creditor Law § 280, setting aside the Transfer of the Property.

## AS AND FOR AN EIGHTH CAUSE OF ACTION – ATTORNEY'S FEES UNDER NEW YORK DEBTOR AND CREDITOR LAW SECTION 276-a

**77)** Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 76 with the same force and effect as if fully set forth herein.

**78)** Upon information and belief, the Transfer of the Property was fraudulent and with actual intent to hinder, delay or defraud creditors as evidenced by paragraphs 21 through 32 above.

**79)** This present action seeks to set aside the Transfer of the Property.

**80)** New York Debtor and Creditor Law Section 276-a provides that a creditor who brings a special proceeding to set aside a conveyance by a debtor is entitled to recover reasonable attorney's fees.

**81)** By reason thereof, there is now due and owing from the Defendant, reasonable attorney's fees as awarded by the Court.

### AS AND FOR A NINTH CAUSE OF ACTION – ATTORNEY'S FEES AS PROVIDED FOR IN THE NOTE

**82)** Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 81 with the same force and effect as if fully set forth herein.

**83)** The Note provides that Plaintiff is entitled to the costs of collection including reasonable attorney's fees in the event of default.

**84)** Defendant has defaulted on the Note. Plaintiff seeks to set aside the conveyance of the Property in Order to enforce the note in the New Jersey action.

**85)** By reason thereof, there is now due and owing from the Defendant, reasonable attorney's fees, as provided for in the note and as awarded by the Court.

*[Remainder of Page Left Intentionally Blank]*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff MARIE F. CONDIE demands judgment against the Defendants as follows:

A. For an order setting aside the October 10, 2016 transfer of the property located at 9306 Flatlands Avenue, Brooklyn, NY 11236 as fraudulent pursuant to New York's Debtor Creditor Law §§ 272, 273, 273-A, 274, 275, 276, 276-a, 279(c), and 280;

B. Awarding reasonable attorney fees;

C. Awarding costs and disbursements incurred by Plaintiff in connection with this action;

D. Awarding such other and further relief as this Court may deem just and proper.

Dated: August 22, 2018  
       New York, New York

/s/ Aleksander Powietrzynski  
Aleksander Powietrzynski  
WINSTON & WINSTON, P.C.  
Attorneys for Plaintiff  
708 Third Ave, 5th Floor, Suite 142  
New York, NY 10017  
Tel: (212) 922-9483  
Fax: (212) 922-9484  
alex@winstonandwinston.com